**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CESAR F. SILVAS, | No. 09-CV-0265-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST NATIONAL BANK OF ARIZONA; RESIDENTIAL FUNDING COMPANY, LLC; RESIDENTIAL ACCREDIT LOANS, INC.; GMAC-RFC SECURITIES; RALI SERIES 2007-QA3 TRUST; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK USA, N.A.; EXECUTIVE TRUSTEE SERVICES, LLC; JPMORGAN CHASE BANK, N.A.; JOHN DOES AND JANE DOES 1-1000; ABC CORPORATIONS I-XX; AND XYZ PARTNERSHIPS 1-XX, | |
| Defendants. | |

On March 18, 2009, Plaintiff Cesar Silvas filed a Motion for Temporary Restraining Order ("TRO"), Preliminary and Permanent Injunction and Order to Show Cause. (Dkt. # 18.) In the motion, Plaintiff requested that this Court temporarily enjoin a trustee's sale of property located at 1041 S. Edith Ct. Chandler, AZ 58286. The trustee's sale was scheduled for March 19, 2009. On March 18, 2009, the Court held a hearing on the matter. (*See* Dkt. # 21.)

1 Federal Rule of Civil Procedure 65 authorizes the Court to issue a preliminary 2 injunction or TRO upon a proper showing. The standard for issuing a TRO is the same as 3 that for issuing a preliminary injunction. *See Brown Jordan Int'l, Inc. v. The Mind's Eye* 4 *Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007). To prevail on a request for a 5 preliminary injunction, a plaintiff must show either "(a) probable success on the merits 6 combined with the possibility of irreparable injury or (b) that [it] has raised serious questions 7 going to the merits, and that the balance of hardships tips sharply in [its] favor." *Bernhardt* 8 *v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). The Ninth Circuit has explained 9 that "these two alternatives represent 'extremes of a single continuum,' rather than two 10 separate tests. Thus, the greater the relative hardship to the moving party, the less probability 11 of success must be shown." *Immigrant Assistant Project of Los Angeles County Fed'n of* 12 *Labor (AFLCIO) v. INS*, 306 F.3d 842, 873 (9th Cir. 2002) (citation omitted).

13 While Plaintiff did submit a verified First Amended Complaint ("FAC"), it consists 14 of seventy-nine pages of amorphous factual and legal allegations against ten named 15 defendants and an indeterminate number of unknown individuals, corporations and 16 partnerships. In the FAC, Plaintiff attempts to assert twenty claims against each of the 17 defendants. Among these claims are allegations that Defendants violated various provisions 18 of federal law, including : (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; 19 (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) the 20 Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; and (4) the Home Ownership 21 Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.* (Dkt. # 1-6 ¶¶ 163-261, 340- 22 73.) Plaintiff also asserts claims of fraud (*id.* ¶¶ 276-311), breach of fiduciary duty (*id.* ¶¶ 23 262-75), conversion (*id.* ¶¶ 145-53), slander of title (*id.* ¶¶ 154-156), intentional infliction 24 of emotional distress (*id.* ¶¶ 373-77), breach of contract (*id.* ¶¶ 378-88), civil conspiracy (*id.* 25 ¶¶ 330-39), and civil RICO violations (*id.* ¶¶ 310-329). Although it appears that not all 26 Defendants engaged in the same conduct, Plaintiff has nevertheless alleged that each of the 27 defendants undertook the same wrongful conduct with respect to all twenty claims. 28 Additionally, the FAC refers to over twenty exhibits, none of which were presented to the

- 2 -

1  Court. (*Id.* ¶¶ 85-6.) Outside of the verified FAC, Plaintiff failed to present any affidavits
2  or other admissible evidence supporting a likelihood of success on the merits. After review
3  of the FAC and Motion in this matter, the Court finds that Plaintiff has failed to demonstrate
4  a likelihood of success on the merits sufficient to grant injunctive relief. Moreover, Plaintiff
5  has failed to demonstrate that a trustee's sale is actually scheduled sufficient to demonstrate
6  the possibility of irreparable injury.

7  In addition to the requisite showing, a preliminary injunction may issue "only on
8  notice to the adverse party." Fed. R. Civ. P. 65(a). A TRO may be granted without notice
9  to the adverse party:

> only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).

Here, despite claiming to have sent copies of the Motion to Defendants by mail on March 17, 2009, and claiming to have attempted to contact some of Defendants' attorneys by telephone, Plaintiff presents no evidence suggesting that Defendants received proper notice of the request for a TRO and preliminary injunction. Additionally, Plaintiff has not certified in writing the efforts made to notice Defendants or provided any reasons why notice should not be required. For these reasons alone, the motion should be denied.

/ / /
/ / /
/ / /
/ / /
/ / /

- 3 -

Because Plaintiffs have failed to demonstrate that injunctive relief is proper:

**IT IS HEREBY ORDERED** that Plaintiff's Petition for Temporary Restraining Order, Preliminary and Permanent Injunction and Order to Show Cause (Dkt. # 18) is **DENIED WITHOUT PREJUDICE**.

DATED this 24th day of March, 2009.

*H. Murray Snow*
G. Murray Snow
United States District Judge