1   **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   CESAR F. SILVAS,                    )   No. CV-09-0265-PHX-GMS
                                        )
10              Plaintiff,              )   **ORDER**
                                        )
11   vs.                                )
                                        )
12                                      )
     GMAC MORTGAGE, LLC;)
13   MORTGAGE ELECTRONIC)
     REGISTRATION SYSTEMS, INC.;)
14   FIRST NATIONAL BANK OF)
     ARIZONA; RESIDENTIAL FUNDING)
15   COMPANY, LLC; RESIDENTIAL)
     ACCREDIT LOANS, INC.; GMAC-RFC)
16   SECURITIES; RALI SERIES 2007-QA3)
     TRUST; DEUTSCHE BANK TRUST)
17   COMPANY AMERICAS; HSBC BANK)
     USA, N.A.; EXECUTIVE TRUSTEE)
18   SERVICES, LLC; JPMORGAN CHASE)
     BANK, N.A.; JOHN DOES AND JANE)
19   DOES 1-1000; ABC CORPORATIONS I-)
     XX; AND XYZ PARTNERSHIPS 1-XX,)
20                                      )
                Defendants.             )
21   _____)

22

23          Pending before the Court is the Motion to Strike the First Amended Complaint or, in

24   the Alternative, Motion for More Definite Statement[1] of Defendants GMAC Mortgage,

25   _____

26          [1]In filing the Motion, Defendants state that the Motion was filed as a motion to strike
     under Federal Rule of Civil Procedure 12(f) "rather than a motion to dismiss because it is the
27   Defendants' understanding that the Court would likely give Silvas an opportunity to cure the
     procedural defects of the [First Amended Complaint] because he is a *pro se* litigant rather
28   than dismiss the FAC for his procedural deficiencies." (Dkt. # 7 at 7-8.) Rule 12(f) permits

1 | Mortgage Electronic Registration Systems, Residential Funding Company, Residential

2 | Accredit Loans, GMAC-RFC Securities, RALI Series 2007-QA3 Trust, Deutsche Bank Trust

3 | Company Americas, and Executive Trustee Services.  (Dkt. # 7.)  Defendant JPMorgan

4 | Chase Bank has joined in the Motion to Strike.  (Dkt. # 8.)  Also before the Court is the

5 | Motion to Remand of Plaintiff Cesar F. Silvas. (Dkt. # 17.)  For the reasons set forth below,

6 | the Court grants Defendants' motion and denies Plaintiff's motion.[2]

7 | **BACKGROUND**

8 | Plaintiff Cesar Silvas is an Arizona resident who allegedly owns real property at 1041

9 | South Edith Court, Chandler, AZ 85286.  In his First Amended Complaint ("FAC"), Plaintiff

10 | alleges that he "refinanced [his home] on or about 01/15/2006."  (Dkt. # 1 Pt. 6 ¶ 85.)

11 | Plaintiff allegedly obtained financing related to the Chandler property in the amount of

12 | $350,000.00.  (*Id.* ¶ 86.)  The financing was obtained pursuant to a promissory note secured

13 | by a deed of trust on the property.  Apparently, a non-judicial trustee sale has or is being

14 | pursued in respect to Plaintiff's property due to Plaintiff's default on his promissory note.

15 | Defendants consist of the various financial/real estate institutions that were or are involved

16 | in some manner with either the refinance and/or the trustee sale of Plaintiff's property. (*See*

17 | *id. ¶¶* 12-23.)

18 | On January 12, 2009, Plaintiff filed his original Complaint in Maricopa County

19 | Superior Court.  (*See* Dkt. # 1 Pt. 3 Ex. A.)  On February 2, 2009, Plaintiff filed his FAC

20 |

21 | the Court to "strike . . . any redundant, immaterial, impertinent, or scandalous matter." While
22 | some portions of Plaintiff's First Amended Complaint are suited to an application of Rule
23 | 12(f), it appears that Defendants seek a properly pled second amended complaint rather than
having certain portions of Plaintiff's existing complaint excised.  Therefore, the Court will
24 | consider the alternative motion for a more definite statement.

25 | [2]Defendants have requested oral argument.  (Dkt. # 24 at 1.)  The request is denied
26 | because the parties have thoroughly discussed the law and the evidence, and oral argument
will not aid the Court's decision.  *See Lake at Las Vegas Investors Group, Inc. v. Pac.*
27 | *Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991) (finding denial of a hearing not unfairly
prejudicial where the party "had the opportunity to apprise the district court of any arguments
28 | it believed supported its position" by filing a memorandum of law and evidence).

seeking an injunction on the trustee sale and seeking numerous damage awards from all Defendants.  (Dkt. # 1 Pt. 6 at 25-77.)  Plaintiff's FAC comprises seventy-nine pages of amorphous factual and legal allegations against ten named defendants and an indeterminate number of unknown individuals, corporations, and partnerships.  In the FAC, Plaintiff attempts to assert twenty claims against each of the defendants.  Among these claims are allegations that Defendants violated various provisions of federal law, including: (1) the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; (2) the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; (3) the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 *et seq.*; (4) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (5) the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639 *et seq.*; and (6) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  (Dkt. # 1 Pt. 6 ¶¶ 163-261, 340-372.)  Plaintiff also asserts claims of fraud  (*id.* ¶¶ 258-309), breach of fiduciary duty (*id.* ¶¶ 262-75), conversion (*id.*  ¶¶ 145-153), slander of title (*id.*  ¶¶ 154-156), intentional infliction of emotional distress (*id.*  ¶¶ 373-77), breach of contract (*id.*  ¶¶ 378-88), civil conspiracy (*id.* ¶¶ 330-339), civil RICO violations (*id.* ¶¶ 310-29), and various violations of Arizona statutory law (*id.* ¶¶ 94-144).  Although it appears that not all Defendants engaged in the same conduct, Plaintiff has nevertheless alleged that each of the defendants undertook the same wrongful conduct with respect to all twenty claims.  Additionally, the Complaint refers to over 30 exhibits, none of which are filed with this Court.[3]

On February 10, 2009, counsel for all of the named defendants with the exception of First National Bank of Arizona, HSBC Bank USA, and JPMorgan Chase filed a Notice of Removal (Dkt. # 1) and removed the case to this Court.  The removing defendants assert that subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because Plaintiff has alleged multiple federal statutory claims in his FAC.  (*Id.* ¶ 10.)

---

[3]Should Plaintiff elect to replead, he is directed to file and serve his second amended complaint with all exhibits referred to therein attached.

1        On February 17, 2009, the removing defendants, joined by Defendant JPMorgan

2 Chase, moved to strike or, in the alternative, for a more definite statement, collectively

3 arguing that Plaintiff failed to comply with Federal Rules of Civil Procedure 8, 9, and 10.

4 Plaintiff did not file any response to the Motion.[4]  On March 10, 2009, Plaintiff filed a

5 Motion to Remand, arguing that Defendants' removal was improper.  (Dkt. # 17.)

6 **DISCUSSION**

7 **I.     Defendants' Motion for a More Definite Statement**

8     **A.     Federal Rule of Civil Procedure 8**

9        A complaint must contain more than a "formulaic recitation of the elements of a cause

10 of action"; it must contain factual allegations sufficient to "raise the right of relief above the

11 speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "The pleading

12 must contain something more . . . than . . . a statement of facts that merely creates a suspicion

13 [of] a legally cognizable right of action." *Id.* (quoting 5 Charles Alan Wright & Arthur R.

14 Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).  While "a complaint need not

15 contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief

16 that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th

17 Cir. 2008) (quoting *Twombly*, 127 S. Ct. at 1974).

18        Although "a complaint need not contain detailed factual allegations," *Clemens*, 534

19 F.3d at 1022, the Court will not assume that the plaintiff can prove facts different from those

20 alleged in the complaint, *see Associated Gen. Contractors of Cal. v. Cal. State Council of*

21 *Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel*

22

23 _____

24     [4]Local Rule 7.2(i) states that "If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not

25 serve and file the required answering memoranda . . . such non-compliance may be deemed consent to the denial or granting of the motion and the Court may dispose of the motion

26 summarily."  Plaintiff did not file a response to Defendants' Motion.  Consequently, the Court could deem such non-compliance as Plaintiff's consent to the granting of Defendants'

27 Motion.  The Court will, however, in its discretion and *on this occasion only*, address the

28 merits of the Motion.

- 4 -

1   *Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005).  Similarly, legal conclusions couched as

2   factual allegations are not given a presumption of truthfulness, and "conclusory allegations

3   of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto*

4   *v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

5        A complaint generally must, at a minimum, satisfy the pleading requirements of Rule

6   8(a)(2).  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003).  Under Federal Rule of Civil

7   Procedure 8(a)(2), a plaintiff is required only to set forth a "short and plain statement" of the

8   claim showing that the plaintiff is entitled to relief and *giving the defendant fair notice of*

9   *what the claim is and the ground upon which it rests.  See* Fed. R. Civ. P. 8(a)(2); *Conley v.*

10  *Gibson*, 355 U.S. 41, 47 (1957); *Porter*, 319 F.3d at 494.  Additionally, under Rule 8(d),

11  "each allegation must be simple, concise and direct."  *See also* Fed. R. Civ. P. 10(b)

12  (requiring "[a] party [to] state its claims . . . in numbered paragraphs, each limited as far as

13  practicable to a single set of circumstances").

14       Defendants argue that the FAC "grossly fails to comply with the pleading standards

15  set forth in the Federal Rules of Civil Procedure."  (Dkt. # 7 at 2.)  Defendants characterize

16  the FAC as "voluminous, yet vague and impertinent," (*id.*), "disjointed," (*id.*), "long in its

17  claims for relief, but . . . short on substance and detail," (*id.* at 3), and state that it "reads more

18  like an assault on the mortgage industry as a whole and not a complaint seeking relief for

19  wrongs allegedly done specifically to Silvas (rather than all consumers in general) by each

20  of the named defendants" (*id.*).  Defendants note that major sections of the FAC are "nothing

21  more than a broad narrative about the mortgage industry as a whole and its alleged impact

22  in 'borrowers' or 'consumers.'" (*Id.* at 4.)  Indeed, paragraphs 24-54 of the FAC are nothing

23  more than what Plaintiff refers to as a "Securitization Background."  (*See* Dkt. # 1 Pt. 6 ¶¶

24  24-54.)  Defendants also note that Plaintiff cites to case law and a legal dictionary in at least

25  48 of the 388 paragraphs of the FAC and refers to over 30 exhibits – none of which are

26  attached to the FAC.  (*Id.* at 4.)

27       After careful review of the FAC, the Court finds that it falls far short of satisfying the

28  requirements of Rules 8 and 10.  The FAC does not "put defendants fairly on notice of the

1   claims against them." Plaintiff does not provide a "short and plain statement" for each claim.

2   Rather, the FAC is verbose, amorphous, overbroad, and conclusory, without presenting

3   necessary facts in an understandable context.

4          While Plaintiff recites numerous alleged statutory and regulatory violations, Plaintiff

5   fails to set forth factual allegations sufficient to support those claims at the pleading stage.

6   The FAC simply does not plead "enough facts to state a claim to relief that is plausible on

7   its face." *Clemens*, 534 F.3d at 1022.  Specifically, Defendants argue that allegations of

8   collective action and undifferentiated acts simply make no sense in the context of many

9   defendants who are or were connected to Plaintiff's property in different ways, and do not

10  inform each defendant of the specific acts of which each defendant is accused.[5] (Dkt. # 7 at

11  2 ("Silvas makes no distinction between each of the defendants in the case, instead referring

12  generically to 'Defendants' in almost all of the allegations.").)   As a complaint must give

13  _____

14         [5]In its joinder in the Motion, Defendant JPMorgan Chase Bank states that "the Court

15  should note that Plaintiff has joined all of the defendants together in this lawsuit, although
    these defendants are not all involved in the same loan." (Dkt. # 8 at 1-2.)  Upon review of

16  the FAC, it appears that Plaintiff has failed to include any allegations specifically related to
    Defendant JPMorgan Chase and how this defendant was involved in Plaintiff's refinance.

17  Indeed, in a section of the FAC entitled "Parties," Plaintiff does not even include Defendant
    JPMorgan Chase.  Should Plaintiff elect to replead, he is directed to review Federal Rule of

18  Civil Procedure 20.  Rule 20 provides:

19

20              Persons . . . may be joined in one action as defendants if: (A)
                any right to relief is asserted against them jointly, severally, or

21              in the alternative with respect to or arising out of the same
                transaction, occurrence, or series of transactions or occurrences;

22              and (B) any question of law or fact common to all defendants
                will arise in the matter.

23

24         Here, Plaintiff has joined 10 financial/real estate institutions as defendants in the same

25  action and asserted each claim against Defendants collectively.  Although Plaintiff has
    asserted all claims against all named defendants, the FAC suggests that not all defendants

26  committed the same wrongful conduct giving rise to Plaintiff's claims and may not even be
    involved with the same loan transaction.  Consequently, it appears that Plaintiff may be

27  unable to satisfy the requirements of Federal Rule of Civil Procedure 20(a)(2)(A) by joining

28  the defendants in a single action.

defendants fair notice of what a plaintiff's claims are and the grounds upon which they rest, collective allegations are improper and Defendants here cannot decipher which claims are reasonably asserted against each defendant.  Additionally, aggregation of all defendants under these circumstances violates Rule 10(b)'s mandate that "[a] party state its claims . . . in numbered paragraphs, *each limited as far as practicable to a single set of circumstances.*" Fed. R. Civ. P. 10(b) (emphasis added).

### B.    Federal Rule of Civil Procedure 9(b) – Allegations of Fraud

Where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires the "party [to] state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations," *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004).  "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (citation omitted).  "To comply with Rule 9(b), allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charge so that they can defend against the charge and not just deny that they have done anything wrong."  *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001).

Much of the Complaint is based on general allegations of fraud, even in cases where fraud is not a necessary element of Plaintiff's claims.  Plaintiff includes general allegations of fraud in fourteen of his twenty claims, and specific allegations of fraud in count XIII – entitled "FRAUD in the FACTUM and FRAUD in the INDUCEMENT."  (*See* Dkt. # 1 Pt. 6 ¶¶ 59, 60, 62, 72, 73, 104, 121, 130, 143-44, 146, 150-52, 155-56, 168, 185, 186-192, 195, 196-97, 207, 209, 211-216, 219, 224-26, 240-43, 251-55, 258-61, 256, 257-70, 273, 277-309, 314-28, 334-338, 346-56, 364-69, 374-77).  Rule 9 requires a plaintiff to plead all allegations of fraud with particularity.  *See Lum v. Bank of America*, 361 F.3d 217, 220 (3d Cir. 2004)

("Although antitrust claims generally are not subject to the heightened pleading requirements of Rule 9(b), fraud must be pled with particularity in *all* claims based on fraud . . . ."). Additionally, "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements." *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1061 (N.D. Cal. 1991) (citing *Schreiber Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1400-01 (9th Cir. 1986)).  Aside from Plaintiff's repeated conclusory allegations that Defendants engaged in fraudulent conduct (which purports to be the basis of many of Plaintiff's claims, including his conspiracy and RICO claims), Plaintiff failed to allege with specificity the factual basis for these claims.  Consequently, the Complaint fails to state any valid claims for fraud, conspiracy, or RICO violations.

Because the FAC fails in several regards to satisfy the pleading requirements of Federal Rules of Civil Procedure 8, 9, and 10, Defendants' Motion for a More Definite Statement is granted.[6]

---

[6]Although Defendants HSBC Bank USA and First National Bank of Arizona did not file or join in the Motion, a more definite statement is also ordered in relation to these nonmoving defendants as they are in a position similar to that of the moving defendants. *Silverton v. Dep't of the Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) ("A District Court may properly on its own motion dismiss an action as to the defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related."); *see also Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 743 (9th Cir. 2008).

## C.    Second Amended Complaint

Plaintiff is thus ordered to replead his claims by filing a second amended complaint. To comply with this Order, Plaintiff MUST:

(1) present all material allegations[7] in short, plain statements with each claim for relief identified in separate numbered paragraphs and sections, each limited as far as practicable to a single set of circumstances;

(2) specifically allege each legal right[8] Plaintiff believes was violated, the specific defendant who violated the right, a sufficient factual context under *Twombly* to give the defendant notice of what conduct gives rise to the violation and how the defendant's conduct is connected to the violation of Plaintiff's rights, and the injuries Plaintiff suffered because of that defendant's conduct or omission;

(3) pursuant to Federal Rule of Civil Procedure 9, plead all allegations of fraud with specificity including the time, place, and specific conduct of EACH defendant accused of fraud;

(4) otherwise cure the deficiencies noted in this Order.

If Plaintiff elects to file a second amended complaint and fails to comply with the provisions of this Order, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal with prejudice of a complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant" and which failed to comply with Rule 8); *Nevijel v. N. Coat Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming the dismissal of an amended complaint that was "equally verbose, confusing, and conclusory as the initial

---

[7]Allegations regarding the lending industry in general that bear no relation to the harm suffered by Plaintiff are neither helpful nor relevant to his specific claims against Defendants. Additionally, a complaint is not the place for Plaintiff to make legal arguments.

[8]Allegations of legal rights arising under state of federal law also require Plaintiff to plead the specific sections and, if necessary, subsections of relevant statutes that grant such rights.

complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal with prejudice of an amended complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

Defendants contend that "Silvas' case is simply one of hundreds of cookie cutter lawsuits that have been filed in the past year using complaints downloaded off the internet or bought from companies promising to 'save your mortgage' and 'avoid foreclosure.'" (Dkt. # 24 at 9.) While the Court expresses no opinion on the matter, Plaintiff is warned that he may be subject to sanctions if he violates Federal Rule of Civil Procedure 11,[9] including but not limited to an order to pay the entirety of Defendants' attorneys' fees incurred while seeking dismissal of the FAC and any subsequent pleading in this matter. *See Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1036 (9th Cir. 1985) (holding that under Rule 11, a sanction may include attorneys' fees if a pleading is used for "improper purposes, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation").

---

[9]Federal Rule of Civil Procedure 11(b) states that by filing a pleading with the Court, an attorney or party certifies:

> that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>> (2) the claims . . . and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

- 10 -

1    **II.     Plaintiff's Motion to Remand**

2         In his Motion, Plaintiff argues that the case should be remanded to the Maricopa

3    County Superior Court because: (1) there is no federal question jurisdiction or diversity of

4    citizenship between the parties, and (2) the removing defendants failed to acquire consent

5    from all defendants sufficient to permit removal.  (Dkt. # 17 at 4-8.)

6         **A.     Subject Matter Jurisdiction**

7         "The party asserting jurisdiction has the burden of proving all jurisdictional facts."

8    *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v.*

9    *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).  Federal district courts have

10   subject matter jurisdiction over cases involving "federal questions" pursuant to 28 U.S.C.

11   § 1331, which provides: "The district courts shall have original jurisdiction of all civil

12   actions arising under the Constitution, laws, or treaties of the United States."

13        In the FAC (counts VIII-IX, XIV, XVI-XVII), Plaintiff asserts federal statutory claims

14   under TILA, RESPA, FCRA, FHA, HOEPA, FDCPA, and RICO Act.  (Dkt. # 1 Pt. 6 ¶¶ 163-

15   261, 310-29, 340-72.)  In his Motion for a Temporary Restraining Order (Dkt. # 18), Plaintiff

16   reasserts that he is alleging "[v]iolations to the Truth in Lending Act, [v]iolation to the Home

17   Ownership and Equity Protection Act, [v]iolation to the Real Estate Settlement Procedures

18   Act, [v]iolation of the Fair Housing Act, . . . [v]iolation of the Fair Debt Collections Practices

19   Act, [and] [v]iolation of the Fair Credit Reporting Act."  (Dkt. # 18 at 2.)  However, in his

20   Motion to Remand, Plaintiff asserts that federal question jurisdiction is lacking because he

21   was "[m]erely referencing . . . federal statute[s]" and not raising federal claims.  (Dkt. # 17

22   at 8.)  After review of the FAC, it appears that Plaintiff indeed attempts to plead several

23   substantial federal statutory violations.  Such claims, if properly pled, would certainly permit

24   this Court to exercise subject matter jurisdiction in the matter.  *See Wisc. Dep't of Corr. v.*

25   *Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of even one claim 'arising under' federal

26   law is sufficient to satisfy the requirement that the case be within the original jurisdiction of

27   the district court for removal.").  Consequently, Plaintiff's Motion to Remand on this basis

28

is denied without prejudice.[10]  Because it is unclear whether Plaintiff will elect to, or will be able to, properly replead his federal claims, however, Plaintiff may move the Court to reconsider the matter if and when Plaintiff files a second amended complaint.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## B.    Joinder in Notice of Removal

Plaintiff also argues that removal was improper because Defendants JPMorgan Chase Bank, HSBC Bank USA, and First National Bank of Arizona did not consent to removal. (Dkt. # 6-8.)  Generally, all defendants must join in the Notice of Removal.  *Ely Valley Mines, Inc. v. Hartford Accident & Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).  "This general rule applies, however, only to defendants properly joined and served in the action." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984)).

In their Response, Defendants present evidence that Defendants JPMorgan Chase Bank, HSBC Bank USA, and First National Bank of Arizona have not been properly served and, in the case of HSBC Bank USA and National Bank of Arizona, have not appeared in this matter.  (*See* Dkt. # 24 Exs. A-D.)  Plaintiff declined to dispute any of the evidence presented by Defendants or to otherwise contest the proposition that, at the time of removal, service had not been effectuated upon Defendants JPMorgan Chase Bank, HSBC Bank USA, and First National Bank of Arizona.  Although JPMorgan Chase Bank subsequently appeared and consented to removal, there is no evidence in the record suggesting that either of the other defendants have been properly served.  Consequently, Plaintiff's Motion to Remand on this basis is denied.

---

[10]Because federal question jurisdiction exists based on Plaintiff's FAC, diversity is not required as argued by Plaintiff.  *See* 28 U.S.C. § 1441(b) (stating that where original jurisdiction exists based on a federal question, it "shall be removable without regard to the citizenship or residence of the parties").

1     **IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 17) is

2  **DENIED WITHOUT PREJUDICE**.

3     **IT IS FURTHER ORDERED** that Defendants' Motion for a More Definite

4  Statement (Dkt. # 7) is **GRANTED**.

5     **IT IS FURTHER ORDERED** that, no later than **May 22, 2009**, Plaintiff shall file

6  and serve: (1) a second amended complaint in compliance with this Order; or (2) a statement

7  that he abandons his claims.

8     DATED this 23rd day of April, 2009.

9

10

11                    G. Murray Snow
                    United States District Judge

- 13 -