**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CESAR F. SILVAS,<br><br>    Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; FIRST NATIONAL BANK OF ARIZONA; RESIDENTIAL FUNDING COMPANY, LLC; RESIDENTIAL ACCREDIT LOANS, INC.; GMAC-RFC SECURITIES; RALI SERIES 2007-QA3 TRUST; DEUTSCHE BANK TRUST COMPANY AMERICAS; HSBC BANK USA, N.A.; EXECUTIVE TRUSTEE SERVICES, LLC; JP MORGAN CHASE BANK, N.A.; JOHN DOES AND JANE DOES 1-1000; ABC CORPORATIONS I-XX; AND XYZ PARTNERSHIPS I-XX,<br><br>    Defendants. | No. CV-09-265-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the Motion to Set Aside Foreclosure Proceedings and Vacate Forcible Detainer Judgment and Void Any Granting and Conveyance of the Property of Plaintiff Cesar Silvas. (Dkt. # 52.) For the reasons set forth below, the Court denies the motion.

In 2006, Plaintiff refinanced real property located at 1041 South Edith Court, Chandler, AZ 85286. (Dkt. # 39 ¶ 16.) The financing for the property was obtained in the

| 1  | amount of $375,641.00 pursuant to a promissory note that was secured by a deed of trust.
| 2  | (*Id.* ¶ 19.) On June 29, 2009, a trustee's sale was held and the property was sold. (Dkt. # 52
| 3  | at 2-3.)  On July 7, 2009, a forcible detainer judgment was apparently obtained against
| 4  | Plaintiff and he was forced to vacate the property.  On July 30, 2009, Plaintiff filed this
| 5  | motion, arguing that, pursuant to Federal Rule of Civil Procedure 60(b), the Court has
| 6  | authority to set aside the June 29 trustee's sale, vacate the forcible detainer judgment, and
| 7  | void any granting and conveyance of the property . (Dkt. # 52 at 5.)  Defendants argue that
| 8  | Rule 60(b) does not permit this Court to grant the relief requested by Plaintiff. (Dkt. # 53 at
| 9  | 2.)
| 10 |         Federal Rule of Civil Procedure 60(b) states that "on motion and just terms, the court
| 11 | may relieve a party or its legal representative from a final judgment, order, or proceeding .
| 12 | . . ." Fed. R. Civ. P. 60(b); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay
| 13 | Kane, *Federal Practice and Procedure* § 2851 (2d ed. 1995) ("Rule 60 regulates the
| 14 | procedures by which a party may obtain relief from a final judgment.").
| 15 |         Arizona law confers power of sale upon the trustee holder of a deed of trust
| 16 | independent of the judicial system. Ariz. Rev. Stat. § 33-807; *see also In re Krohn*, 203 Ariz.
| 17 | 205, 208, 52 P.3d 774, 777 (2002) (citing *Patton v. First Fed. Sav. & Loan Ass'n*, 118 Ariz.
| 18 | 473, 477, 578 P.2d 152, 156 (1978)) ("A mortgage generally may be foreclosed only by
| 19 | filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting
| 20 | him to sell the property out of court with no necessity of judicial action."). "[N]onjudicial
| 21 | foreclosure statutes . . . reflect a carefully crafted balancing of the interests of beneficiaries,
| 22 | trustors, and trustees.  Trustees . . . need to have clearly defined responsibilities to enable
| 23 | them to discharge their duties efficiently and to *avoid embroiling the parties in time-*
| 24 | *consuming and costly litigation.*" *TransAmerica Fin. Serv., Inc. v. Lafferty*, 175 Ariz. 310,
| 25 | 314, 856 P.2d 1188, 1192 (Ct. App. 1993) (emphasis added) (citing *I.E. Assoc. v. Safeco Title*
| 26 | *Ins. Co.*, 702 P.2d 596, 600 (Cal. 1985)).
| 27 |         Here, Plaintiff does not seek relief from a final judgment, order, or proceeding of this
| 28 | Court.  Rather, Plaintiff seeks relief from a nonjudicial trustee's sale that proceeded

independent of any Court involvement and the subsequent conveyance of title to the property. Federal Rule of Civil Procedure 60(b) is not applicable in such circumstances. To the extent Rule 60(b) may be an appropriate vehicle for obtaining relief from the forcible detainer judgment, Plaintiff should direct his motion to the court issuing that judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Set Aside Foreclosure Proceedings and Vacate Forcible Detainer Judgment and Void Any Granting and Conveyance (Dkt. # 52) is **DENIED**.

DATED this 21st day of August, 2009.

_____
G. Murray Snow
United States District Judge