**WO**

**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cesar F. Silvas, | No. CV-09-265-PHX-GMS |
| Plaintiff, | |
| vs. | **ORDER** |
| GMAC Mortgage, LLC, et al., | |
| Defendants. | |

Pending before the Court Defendant GMAC Mortgage, LLC's Motion for Sanctions and Involuntary Dismissal With Prejudice Pursuant to Rules 16(f), 37(b)(2)(A)(v) and 41(b), Fed. R. Civ. P. (Dkt. # 74). This motion filed pursuant to Federal Rules of Civil Procedure 16(f), 37(b)(2)(A)(v) and 41(b) was filed on March 1, 2010. On March 24, 2010, this Court entered an Order indicating that Plaintiff had not responded to the motion and pursuant to LRCiv 7.2(c) "the opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum." It thereafter ordered the Plaintiff to file a responsive memorandum. The Court informed Plaintiff that he had failed to comply with Local Rule 7.2(c) and extended the time in which Plaintiff could respond to the motion filed by Defendant GMAC Mortgage, LLC, to and including April 2, 2010 (Dkt. # 75). Plaintiff was warned that failure to file a response brief "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motions summarily," and this "could result in the dismissal of certain claims and defendants."

Despite the warning and extension of time, Plaintiff failed to file a response to the motion.

Local Rule 7.2(i) provides that an unrepresented party's failure to respond to a motion "may be deemed consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (holding that a district court did not err in dismissing a pro se plaintiff's complaint for failing to comply with a local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order). The Ninth Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (stating that pro se litigants should not be treated more favorably than parties represented by attorneys).

The Ninth Circuit has established

> a five-part test to determine whether the dismissal sanction is just: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (internal quotations omitted); *see also Ferdik*, 963 F.2d at 1260. However, "[t]his 'test' is not mechanical. It provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow[.]" *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057.

**Factor 3 – Risk of Prejudice to Defendant**

Here, Defendant GMAC Mortgage, LLC will be prejudiced by Plaintiff's ongoing refusal to prosecute his claims. Defendant has expended significant amounts of time and finances to timely address Plaintiff's claims. Plaintiff's failure to respond, to participate in

case management, to exchange disclosure statements, or to otherwise cooperate with the Orders of the Court will frustrate Defendant's efforts and cause it to incur additional expenses.

In its Motion for Sanctions, Defendant seeks dismissal with prejudice, arguing that dismissal is warranted because Plaintiff has failed to comply with (1) this Court's Order setting a Rule 16 Case Management Conference dated December 16, 2009 (Dkt. # 67); (2) Rule 26(a) of the Federal Rules of Civil Procedure requiring parties to provide initial disclosures to each other; (3) Rule 26(f) of the Federal Rules of Civil Procedure requiring the parties to meet and confer at least 21 days before a case management conference is to be held or a scheduling order is due; (4) Rule 16(c)(1) of the Federal Rules of Civil Procedure requiring attendance at the Case Management Conference; and (5) this Court's minute entry dated February 5, 2010, ordering Plaintiff to submit a memorandum to the Court no later than February 12, 2010 explaining his non-appearance at the Case Management Conference and his failure to participate in the drafting of the case management plan (Dkt. # 72). These arguments are fairly and timely raised in this action and deserve a timely response by Plaintiff. The Court has been flexible in ensuring that Plaintiff has had an opportunity to both plead his claims and be heard in response to Defendant's motion. To continue to permit Plaintiff to engage in delay and silence would significantly prejudice Defendant actively seeking to clarify and narrow this action.

Therefore, factor 3 weighs heavily in favor of dismissal.

### Factor 5 – Availability of Less Drastic Sanctions

Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Valley Eng'rs*, 158 F.3d at 1057. The Court has granted Plaintiff ample time to respond to Defendant's motion and has explicitly warned him that failure to do so could result in granting of the motion and "could result in dismissal of Plaintiff's claims." Plaintiff nonetheless failed to respond or take any other action to prosecute his claims. Therefore, factor 5 weighs in favor of dismissal.

1    This is particularly true when the dismissal entered by the Court is only a dismissal without prejudice. Because Plaintiff has not yet had his claims dismissed without prejudice, it is a sanction that the Court can attempt which will be less drastic than a dismissal with prejudice. Because no other discovery based sanction is appropriate when Plaintiff refuses to participate in any discovery or follow the Court's Orders, a dismissal without prejudice is the next available sanction.

With four factors weighing in favor of dismissal and one factor weighing against, dismissal is appropriate here. *See, e.g.*, *Wystrach v. Ciachurski*, 267 F. App'x 606, 607-08 (9th Cir. 2008) (upholding dismissal under Local Rule 7.2(i) where the first three factors all weighed in favor of dismissal); *Ghazali*, 46 F.3d at 53-54 (upholding summary dismissal of a pro se plaintiff's action for failure to follow the court's local rules).

Having considered the motion pending before the Court:

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions and Involuntary Dismissal (Dkt. # 74) is **GRANTED** and Plaintiff's Complaint is dismissed without prejudice.

DATED this 8th day of April, 2010.

_____
G. Murray Snow
United States District Judge